**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 99-2120

RICHARD L. WILLIAMS,

Plaintiff - Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   Dennis W. Shedd, District Judge.
(CA-99-272-2-19-AJ)

Submitted:  December 29, 1999        Decided:  February 4, 2000

Before WILLIAMS and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mortimer M. Weinberg, III, WEINBERG, BROWN & CURTIS, Sumter, South
Carolina, for Appellant.  J. Rene Josey, United States Attorney,
John B. Grimball, Assistant United States Attorney, Arthur J.
Fried, General Counsel, Charlotte J. Hardnett, Principal Deputy
General Counsel, John M. Sacchetti, Associate General Counsel,
Sharon M. Saffron, Office of the General Counsel, SOCIAL SECURITY
ADMINISTRATION, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Richard Williams appeals the order of the district court granting the Commissioner's motion to dismiss the appeal for lack of jurisdiction. We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error. Accordingly, we affirm on the reasoning of the district court. <u>See</u> <u>Williams v. Apfel</u>, No. CA-99-275-2-19-AJ (D.S.C. July 12, 1999).[*] There is no merit to Williams' arguments that the Administrative Law Judge lacked jurisdiction to issue his July 1995 amended decision or that the doctrine of "manifest injustice" applies to Williams' case. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] Although the district court's order is marked as "filed" on July 9, 1999, the district court's records show that it was entered on the docket sheet on July 12, 1999. It is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision. <u>See</u> Fed. R. Civ. P. 58 and 79(a); <u>Wilson v. Murray</u>, 806 F.2d 1232, 1234-35 (4th Cir. 1986).